Eva Lavino Griffiths v. Commissioner.
Griffiths v. Commissioner
Docket No. 2035.
United States Tax Court
1944 Tax Ct. Memo LEXIS 246; 3 T.C.M. (CCH) 467; T.C.M. (RIA) 44162; May 17, 1944
*246 Where the precise point in question was litigated and finally decided in a proceeding involving tax liability for a prior year, and the facts and parties were the same as involved in the present proceeding, held, the issue is res judicata, and the respondent may not now advance a new argument to sustain his determination. William H. Flippen, Esq., 406 Republic Bank Bldg., Dallas, Tex., for the petitioner. Frank B. Appleman, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in income taxes for the years and in the amounts as shown below: Year
Amount
1938
$1,420.06
1939
2,786.01
1940
4,914.67
1941
7,648.20
The correctness of certain adjustments made by the respondent has been conceded. The sole issue now in controversy is whether amounts received by the petitioner in each of the years in question as beneficiary of certain trusts created and administered in noncommunity property states were received by her as separate income, as the Commissioner has determined, or as community income of her and her spouse. The petitioner pleads res judicata, and also contests the determination of the Commissioner *247 on the merits. The facts were stipulated. Findings of Fact The petitioner and T. W. Griffiths were married April 24, 1909, and have since that time continuously lived together as husband and wife in Dallas, Dallas County, Texas. They filed separate returns for the years here involved with the Collector of Internal Revenue for the northern district of Texas at Dallas, Texas. The petitioner is the beneficiary of a trust created on June 20, 1924, by her father Edward J. Lavino. The trust indenture set forth the purposes of the trust as follows: "A. To divide the principal of the said trust estate into four as nearly equal shares as possible and to allot one of said shares to each of the daughters of the Settlor, to wit: Elfrida Jane Elliot, Marian Agnes Hagar, Julia Mathilde DeBois and Eva Dermine Griffith; "B. To collect the dividends, interest and other income arising from the trust estate and to pay all charges incident to the management thereof; "C. To pay the net income from one of such shares to each of the said daughters of the Settlor during the term of her life, said payment to be made at such times, in such manner and in such amounts as the Trustees hereunder shall deem *248 most prudent; "D. Upon the death of each of said daughters of the Settlor to grant and transfer the share of the principal allotted to her to her descendants then living, distribution being made among them per stirpes upon the principle of representation; or in the event of such daughter dying without leaving a descendant to survive her then to apply the said share of the trust estate to increasing the other shares into which the said trust estate shall have been divided; "E. In the event of the death of all of the said daughters of the Settlor without leaving any descendants to survive them, then upon the death of the last surviving daughter to grant and transfer the said trust estate to such persons as may then be entitled to receive the estate of the Settlor under the Intestate Laws of the State of New Jersey as they shall then exist." Provision was made in the trust instrument for additions to the trust estate of "such other additional securities as the Settlor may from time to time assign and transfer to the Trustees * * *." By subsequent indentures and by will the settlor transferred additional securities to the trustee to be held in trust for the same purposes. At the time *249 of the creation of the trust Edward J. Lavino was domiciled in the State of New Jersey. During the taxable years here involved the trust corpus was situated in New Jersey and Pennsylvania and the trustees were domiciled in those states. The income giving rise to the deficiencies herein determined by the Commissioner was the petitioner's pro rata share of the trust income, which consisted of dividends and interest earned in New Jersey and Pennsylvania. The Commissioner determined that such income was the separate property of the petitioner rather than the community property of the petitioner and her spouse, upon which theory their returns for the years 1938-1941 had been filed. The trust indentures above referred to are the same instruments as were involved in the case of [Dec. 8587], and the instant parties are the same parties involved in that case. The respondent did not in that case determine or argue that the income of the trusts was taxable to the petitioner as her separate income, based upon the fact that the trust property, grantor or trustees "were domiciled in non-community property states, or that the *250 operations and income of the trust took place and were earned in the States of Pennsylvania and New Jersey, though such facts were paipable and evident from the pleadings and instruments of record in said cause." In the prior proceeding the Commissioner had determined a deficiency in income tax for the year 1929. In rendering decision for the petitioner the Board of Tax Appeals said: "The sole question before us is whether the sum of $105,000 received by petitioner as beneficiary of the Edward J. Lavino trust is the community property of herself and husband under the laws of the State of Texas, or the separate property of the petitioner. * * * * *
"* * * In view of the Texas laws and the authorities cited, we hold that the sum received by petitioner from the Edward J. Lavino trust during the taxable year before us was community income of herself and husband, and taxable one-half to each of them. ." Opinion ARUNDELL, Judge: The first issue for our decision is whether the doctrine of res judicata concludes the respondent from raising the question here involved. The parties are the same as those involved in the prior *251 proceeding of the same name, but the cause of action is different, inasmuch as the deficiencies relate to later years. In such situation the plea of res judicata is effective only if the point or question to be determined in this case is the same as that litigated in the former action and the facts are the same. ; . The sole question here involved, as in the prior proceeding, is whether the income received by the petitioner as beneficiary of the trust established by her father is the petitioner's separate property or community property of her and her husband. The applicable statute is unchanged and the facts are the same. The respondent has argued that the facts in this proceeding differ from those of the prior case in that it is here stipulated that the settlor was domiciled in New Jersey at the time of the creation of the trust, that the trust was administered and the income earned in noncommunity property states, and that the trustees were domiciled and the corpus located in Pennsylvania and New Jersey during the taxable *252 years. It has been stipulated as follows: * * * In said cited case, however, the respondent did not in his notice of deficiency, nor otherwise make any contention or argument that the income of said trusts was taxable to petitioner as her separate income based on the fact heretofore stipulated that the trust property, grantor or trustees were domiciled in non-community property states, or that the operations and income of the trust took place and were earned in the States of Pennsylvania and New Jersey, though such facts were palpable and evident from the pleadings and instruments of record in said cause. The only point of difference thus lies in the argument now made by the respondent. The facts, question and statute are the same. It follows, therefore, that the plea of res judicata is effective. ;. While the above adequately disposes of this case, it may be said that we think the petitioner would also prevail on the merits. The Commissioner's only argument is to the effect that the income received by the petitioner as beneficiary of *253 the trust established by her father is her separate income, because the trust corpus was situated and administered and the income earned in noncommunity property states. We have, however, held to the contrary for the reason that such facts are matters of indifference in contemplation of the law of Texas, which is controlling. . Decision will be entered under Rule 50.